## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:21-CV-00079-KDB-DCK

|  |  |
|---|---|
| **MERCEDES-BENZ FINANCIAL SERVICES USA LLC,** | |
| **Plaintiff,** | |
| **v.** | **ENTRY OF DEFAULT AND DEFAULT JUDGMENT** |
| **LARRY H. JONES LARRY D. JONES,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court upon the Plaintiff's Motion for Entry of Default and Default Judgment, Doc. No. 6, against Defendants Larry D. Jones and Larry H. Jones. In this action, Mercedes-Benz Financial Services USA LLC ("MBFS") alleges that Defendants guaranteed three notes for the purchase of equipment which have not been paid according to their terms. *See* Doc. No. 1. In response to the Complaint, Defendants have failed to plead or otherwise defend themselves. Therefore, the Court will enter default against the Defendants and a default judgment in favor of MBFS in the amount of the unpaid notes plus accrued interest. However, for the reasons discussed briefly below, the Court declines to award Plaintiff the attorneys' fees it has requested.

Plaintiff seeks to recover attorneys' fees and costs in the amount of $25,494.56 pursuant to the notes and N.C. Gen. Stat. § 6-21.2. In the relevant Note and Security Agreements, purchaser agreed to "pay Lender reasonable attorney's fees actually incurred" in the event that collection of the notes was required. In such a case, that is, when a contract provision allows for reasonable

1

attorneys' fees actually incurred, subsection (1) of N.C. Gen. Stat. § 6-21.2 controls. *See Barker v. Agee*, 378 S.E.2d 566 (N.C. Ct. App. 1989); *In re Brier Creek Corp. Ctr. Assocs. Ltd. P'ship*, No. 12-01855-8-SWH, 2013 Bankr. LEXIS 221 (Bankr. E.D.N.C. Jan. 18, 2013). That section of the statute provides as follows:

> If such note, conditional sale contract or other evidence of indebtedness provides for attorneys' fees in some specific percentage of the "outstanding balance" as herein defined, such provision and obligation shall be valid and enforceable up to but not in excess of fifteen percent (15%) of said "outstanding balance" owing on said note, contract or other evidence of indebtedness.

Accordingly, a trial court may award attorneys' fees in the amount agreed upon by the parties in their borrowing agreement so long as the amount of the award is within the permissible limits of the statute. *See id.* at 570-71 (citing *Coastal Prod. Credit Assoc. v. Goodson Farms, Inc.*, 319 S.E.2d 650, 655 (N.C. Ct. App. 1984)).

Because the parties expressly limited the attorneys' fees that might be awarded against the borrower (and the guarantors) to those reasonable fees "actually incurred," the Court may award only those reasonable incurred fees that have been established with proof. *See State v. Philip Morris USA, Inc*. 363 N.C. 623, 632 (2009) ("[An unambiguous] contract is to be interpreted as written … and enforced as the parties have made it.") (internal quotations omitted). Plaintiff has not submitted affidavits or any other form of documentation that would allow the Court to make a finding of fact as to any attorneys' fees actually incurred. Rather, Plaintiff has simply relied on the belief that it is entitled by statute to 15% of the outstanding loan amounts regardless of the amount of fees actually incurred.[1] As noted, this is an incorrect interpretation of N.C. Gen. Stat. § 6-21.2

---

[1] It seems clear to the Court that the amount of fees requested ($25,494.56) is based only on the erroneous calculation of 15% of the outstanding loan amounts as it far exceeds the actual reasonable cost of preparing the simple Complaint and the other filings in this very limited proceeding.

under the facts of this case. Therefore, there is no basis for the Court to award attorneys' fees in any amount.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Motion, Doc. No. 6, is **GRANTED**; and

2. Judgment is entered in favor of MBFS and against Defendants, jointly and severally, in the amount of $169,963.76, plus continuing interest at the contract default rate of 18% per annum ($65.50 per day) from May 14, 2021 to the date of this Default Judgment, plus post-judgment interest as allowed by federal law.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 26, 2021

Kenneth D. Bell
United States District Judge